869 F.2d 593
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William M. CLAY, Plaintiff-Appellant,
v.
Arch A. MOORE, Jr., Governor of West Virginia; State
Legislature, Defendants- Appellees.
 No. 88-7183.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 27, 1988.
Decided: Feb. 7, 1989.
Rehearing and Rehearing In Banc Denied March 13, 1989.
 
 William M. Clay, appellant pro se.
 Charles G. Brown, III (Office of the Attorney General of West Virginia), for appellees.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Clay, a West Virginia inmate, filed suit under 42 U.S.C. Sec. 1983, alleging that two sections of the West Virginia Code are applied in a discriminatory manner.[1] Specifically, Clay contends that the Department of Corrections discriminates by choosing which prisoners to prosecute for escape, and that the West Virginia courts discriminate in sentencing in escape cases.[2] The district court summarily dismissed the action; we affirm.
 
 
 2
 To establish selective prosecution, Clay has a heavy burden to prove invidious discrimination, United States v. Crowthers, 456 F.2d 1074 (4th Cir.1972), based upon an arbitrary classification, Oyler v. Boles, 368 U.S. 448 (1962). See United States v. Barber, 668 F.2d 778 (4th Cir.), cert. denied, 459 U.S. 829 (1982). Clay's allegations in this case fail to establish that prosecution decisions in escape cases were based on race or some other improper criterion.
 
 
 3
 Nor has Clay made any showing of racial discrimination with respect to the sentences imposed for escape. His sentence was within legal limits and is not susceptible to challenge.
 
 
 4
 We accordingly affirm the judgment of the district court.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Section 61-5-10 states in part that any person who escapes from jail when confined there for the conviction of a felony, shall be sentenced for not less than one, nor more than five years. If the person was previously convicted of a misdemeanor, he shall be sentenced to one year in jail. W.Va.Code Ann. Sec. 61-5-10(a) (1984)
 Section 61-5-11 states in part that the terms of confinement in Sec. 61-5-10 shall be in addition to the period of confinement to which the person convicted under this section may be subject. W.Va.Code Ann. Sec. 61-5-11 (1984).
 
 
 [2]
 As an initial matter we note that because Clay's allegations attack the validity of his conviction and sentence, his Sec. 1983 complaint is more properly construed as a petition for habeas corpus relief under 28 U.S.C. Sec. 2254
 
 
 [3]
 On September 9, 1988, Clay filed in this Court a motion for a temporary restraining order and order to show cause in which he contends that he was wrongfully denied an emergency furlough to attend his father's funeral. However, this issue was not raised before the district court and cannot be considered on appeal